IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FALLEN PRODUCTIONS, INC., ET AL., | CIV. NO. 20-00004 JAO-RT |
| Plaintiffs, | |
| vs. | ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE |
| HARRY BEASOR, ET AL., | |
| Defendants. | |

ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE

Before the Court is Plaintiff LHF Productions, Inc.'s ("Plaintiff LHF Productions") "Plaintiffs' [sic] *Ex Parte* Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(F) Conference," filed on January 6, 2020 ("Motion"). ECF No. 12. The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After careful consideration of the Motion, the record established in this action, and the applicable law, the Court GRANTS Plaintiff's Motion.

BACKGROUND

On January 3, 2020, the Plaintiffs in this case filed their Complaint alleging that Defendants are liable for direct and contributory copyright infringement in violation of 17 U.S.C. §§ 101, et seq. ECF No. 1 at 2. In the Complaint, Plaintiff LHF Productions claims it owns the copyright for the motion picture "London Has Fallen." ECF No. 1-1.

Plaintiff LHF Productions alleges that the Defendants are BitTorrent users who used their computers to illegally copy, reproduce, redistribute, perform, or display the motion picture.  ECF No. 1 at 17.  Plaintiff LHF Productions has identified Defendant Harry Beasor.  ECF No. 1 at 4.  However, Plaintiff LHF Productions does not know the identities of the Doe Defendants.  Id.  Plaintiff LHF Productions claims that it investigated and learned that Defendants' IP addresses were assigned by the Internet Service Provider ("ISP") Charter Communications, LLC dba Spectrum ("Spectrum").  ECF No. 12-1 at 2.  Plaintiff LHF Productions seeks permission to conduct early discovery to Spectrum to obtain the identities of the subscribers connected to the IP addresses that have been linked to the alleged infringement of Plaintiff LHF Productions' motion picture.

## DISCUSSION

Generally, unless authorized by a court order, a party may not seek discovery prior to the Federal Rule of Civil Procedure 26(f) conference.  Fed. R. Civ. P. 26(d)(1).  In rare circumstances, "courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."  Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).  In deciding whether early discovery should be permitted, courts consider whether a plaintiff has shown good cause.  See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).  "Good cause" can be found where the "need for expedited

discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id.

The Ninth Circuit has held that when a defendant's identity is unknown , a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identity, or that the complaint would be dismissed on other grounds." Gillespie, 629 F.2d at 642. Courts examine various factors when evaluating whether a plaintiff has established good cause for early discovery to assist in the identification of Doe defendants. Such factors include (1) whether the plaintiff has made a prima facie showing of infringement, (2) whether the plaintiff has identified the Doe defendants with sufficient particularity, and (3) whether the requested discovery is likely to lead to identifying information. See, e.g., Patrick Collins, Inc. v. Does 1-1219, No. C 10-14468 LB, 2010 WL 5422569, at *2 (N.D. Cal. Dec. 28, 2010) (citations omitted). Courts have found that good cause exists to permit "expedited discovery to ascertain the identities of Doe defendants in copyright infringement actions." AF Holdings LLC v. Doe, No. Civ. S-12-1078 GEB, 2012 WL 1610185, at *2 (E.D. Cal. May 8, 2012) (citing UMG Recordings, Inc. v. Doe., No. C-08-03999 RMW, 2008 WL 4104207 (N.D. Cal. Sept. 4, 2008); Arista Records LLC v. Does 1-43, Civil No. 07cv2357-LAB (POR), 2007 WL 4538697 (S.D. Cal. Dec. 20, 2007)).

Here, the Court finds that Plaintiff LHF Productions has established good cause to engage in early discovery. Defendants' identities are unknown, and Plaintiff LHF Productions seeks early discovery to identify the Doe Defendants. First, the Plaintiff LHF Productions has made a prima facie showing of direct and contributory copyright

3

infringement.  Plaintiff LHF Productions has alleged that (1) it owns and has registered the copyrighted work at issue (ECF No. 1 at 8); (2) the Defendants reproduced and distributed that work without authorization (ECF No. 1 at 17); and (3) Plaintiff LHF Productions was damaged by Defendants' actions (ECF NO. 1 at 17).  As to Plaintiff LHF Productions' claim for contributory copyright infringement, Plaintiff LHF Productions alleges that each Defendant caused or materially contributed to the direct infringement of Plaintiff LHF Productions' copyright by other Defendants participating in the peer-to-peer file-sharing protocol.  ECF No. 1 at 18-19.  These allegations are minimally sufficient to state a claim for contributory copyright infringement.  See Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004).

Second, Plaintiff LHF Productions has identified the Defendants with as much specificity as possible.  Plaintiff LHF Productions states that the Defendants are persons or entities and that these persons or entities have been observed and documented as infringing on its copyrighted work.  ECF No. 1 at 15-16.  Plaintiff LHF Productions provided as Exhibit 3 to their Complaint (ECF No. 1-3) a list of the IP addresses associated with each of the Defendants, along with the "hit date" that each IP address subscriber allegedly infringed on Plaintiff LHF Productions' copyrighted work.  The IP addresses are located in the State of Hawaii, which indicates that the Court likely has jurisdiction over the Defendants.  It does not appear that there are any other measures Plaintiff LHF Productions could have taken to identify the Defendants other than to obtain the subscribers' identifying information from Spectrum.

Third, Plaintiff LHF Productions demonstrated that the proposed subpoena seeks information likely to lead to identifying information that will allow it to effect service of process on the Defendants.[1]  Based on the foregoing, the Court finds that Plaintiff LHF Productions has demonstrated good cause to grant leave to conduct early discovery.

CONCLUSION

The Court GRANTS Plaintiff LHF Productions' Motion for Leave to Serve Third Party Subpoena Prior to Rule 26(f) Conference as follows:

1.      Plaintiff LHF Productions is allowed to serve a Rule 45 subpoena on Spectrum to obtain the name and address of each subscriber associated with the IP addresses on the dates indicated in Exhibit 2 to the Complaint.

2.      Plaintiff LHF Productions shall serve a copy of this Order with any subpoenas issued pursuant to this Order.

3.      The subpoenas authorized by this Order shall be deemed appropriate court orders under 47 U.S.C. § 551.

---

[1] The information requested by Plaintiff LHF Productions may identify the subscriber associated with each IP address.  However, that information may not necessarily reveal the identity of the person or entity that allegedly infringed Plaintiff LHF Productions' work.  "Home wireless networks are ubiquitous, meaning that a single IP address can simultaneously support multiple computer devices throughout the home and, if not secured, additional devices operated by neighbors or passersby. Thus, the risk of false positives is very real."  Thompsons Film, LLC v. Does 1-194, No. C13–0560RSL, 2014 WL 585862, at *1 (W.D. Wash. Feb. 14, 2014).  As noted by another court, "it is no more likely that the subscriber to an IP address carried out a particular computer function . . . than to say an individual who pays the telephone bill made a specific telephone call."  In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80, 84 (E.D.N.Y. 2012).

4.      Spectrum shall have 30 days from the date of service upon it to serve the subscribers of the IP addresses with a copy of the subpoenas and a copy of this Order. Spectrum may serve the subscribers by any reasonable means, including written notice sent to the subscriber's last known address via first class mail.

5.      The subscribers shall have 30 days from the date of service upon them to file any motions in this court contesting the subpoena.  If that 30-day period lapses without a subscriber contesting the subpoena, Spectrum shall have 10 days to produce the information responsive to the subpoena to the Plaintiff LHF Productions.

6.      After Spectrum are properly served with Rule 45 subpoenas as detailed above, Spectrum shall preserve all subpoenaed information pending the delivery of such information to the Plaintiff LHF Productions or the resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

7.      Any information disclosed to Plaintiff LHF Productions in response to a subpoena may be used by Plaintiff LHF Productions solely for the purpose of protecting their rights under the Copyright Act, 17 U.S.C. § 101, et seq.

//

//

//

//

//

//

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 18, 2020.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

---

CV 20-00004 JAO-RT; *Fallen Productions, Inc., et al. v. Harry Beasor, et al.*; Order Granting Plaintiff's *Ex Parte* Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(F) Conference